IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC on assignment of E.N., G.A., C.S., R.A., and R.G., <br><br> Plaintiff(s), <br><br> v. <br><br> BANK OF AMERICA, ABC CORP. (1-10) (said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No.: 2:13-cv-01977-ES-SCM |

## ANSWER AND AFFIRMATIVE DEFENSES OF BANK OF AMERICA CORPORATION TO THE COMPLAINT OF PATIENT CARE ASSOCIATES LLC

Defendant Bank of America Corporation (hereinafter "BOA") hereby answers the Complaint filed by Plaintiff Patient Care Associates LLC ("Plaintiff") and asserts the following Affirmative Defenses.

### THE PARTIES

1. With respect to the allegations contained within paragraph 1 of the Complaint, BOA admits only that Plaintiff holds itself out to be an ambulatory surgery center specializing in a wide array of surgical procedures and having its office located at 500 Grand Avenue, Englewood, NJ 07631. BOA lacks sufficient knowledge to confirm or deny the remaining allegations contained within paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2. It is admitted that Defendant BOA actively serves customers from New Jersey. By way of further response, BOA is a financial services company and is headquartered at 100 North Tryon Street, Charlotte, North Carolina 28255.

3. It is admitted that BOA conducts business in Bergen County. The allegation that venue was properly laid in Bergen County, prior to the removal of this action to Federal Court, is a legal conclusion to which no response is required. By way of further response, appropriate venue for this Court in the Superior Court of New Jersey is no longer relevant as the case has been properly removed to the United States District Court for the District of New Jersey.

4. With respect to the allegations contained in paragraph 4 of the Complaint, BOA admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, BOA denies each and every other allegation contained in paragraph 4 of the Complaint.

5. With respect to the allegations contained in paragraph 5 of the Complaint, BOA admits only that E.N. is an enrollee in the self-funded group health benefit plan of BOA. Except as so admitted, BOA lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 5 of the Complaint.

6. With respect to the allegations contained in paragraph 6 of the Complaint, BOA admits only that G.A. is an enrollee in the self-funded group health benefit plan of BOA. Except as so admitted, BOA lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 6 of the Complaint.

7. With respect to the allegations contained in paragraph 7 of the Complaint, BOA admits only that C.S. is an enrollee in the self-funded group health benefit plan of BOA. Except

as so admitted, BOA lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 7 of the Complaint.

8.     With respect to the allegations contained in paragraph 8 of the Complaint, BOA admits only that R.A. is an enrollee in the self-funded group health benefit plan of BOA. Except as so admitted, BOA lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 8 of the Complaint.

9.     With respect to the allegations contained in paragraph 9 of the Complaint, BOA admits only that R.G. is an enrollee in the self-funded group health benefit plan of BOA. Except as so admitted, BOA lacks sufficient knowledge to confirm or deny each and every other allegation contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 10 of the Complaint.

## SUBSTANTIVE ALLEGATIONS

11.    With respect to the allegations contained in paragraph 11 of the Complaint, BOA admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, BOA denies each and every other allegation contained in paragraph 11 of the Complaint.

12.    BOA denies each and every allegation contained within paragraph 12 of the Complaint.

13.    BOA denies each and every allegation contained within paragraph 13 of the Complaint.

2894567-01

14. BOA denies each and every allegation contained within paragraph 14 of the Complaint.

15. With respect to the allegations contained in paragraph 15 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 15 of the Complaint.

16. With respect to the allegations contained in paragraph 16 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 16 of the Complaint.

17. With respect to the allegations contained in paragraph 17 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 17 of the Complaint.

18. With respect to the allegations contained in paragraph 18 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 18 of the Complaint.

19. With respect to the allegations contained in paragraph 19 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 19 of the Complaint.

20. With respect to the allegations contained in paragraph 20 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 20 of the Complaint.

21. BOA admits that Plaintiff has demanded payment and demands payment herein of $221,762.15 but denies that it is liable in that amount or any amount.

22. BOA admits only that one or more appeals were submitted by Plaintiff or by an entity purporting to act on Plaintiff's behalf. Except as so admitted, BOA denies each and every other allegation contained in paragraph 22 of the Complaint.

23. BOA denies each and every allegation contained within paragraph 16 of the Complaint.

24. The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 24 of the Complaint.

## FIRST COUNT
## (VIOLATION OF ERISA)

25. BOA repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

26. The allegation contained in paragraph 26 of the Complaint is a legal conclusion to which no response is necessary. With respect to the allegation contained in paragraph 26 of the Complaint, BOA admits that Section 502(A) of ERISA provides plan beneficiaries with the right to bring an action to recover benefits under a benefit plan governed by ERISA. To the extent these allegations may be construed to allege or imply any liability against BOA, they are denied.

27. With respect to the allegations contained in paragraph 27 of the Complaint, BOA admits only that it maintains a self-funded group health benefit plan pursuant to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Except as so admitted, BOA denies each and every other allegation contained in paragraph 27 of the Complaint.

2894567-01

28. The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 28 of the Complaint.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 29 of the Complaint.

30. The allegations contained in paragraph 30 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 30 of the Complaint.

31. The allegations contained in paragraph 31 of the Complaint are legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 31 of the Complaint.

32. The allegations contained in paragraph 32 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 33 of the Complaint.

34. With respect to the allegations contained in paragraph 34 of the Complaint, BOA admits only that Plaintiff submitted claims for reimbursement. Except as so admitted, BOA denies each and every other allegation contained in paragraph 34 of the Complaint.

35. The allegations contained in paragraph 35 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 35 of the Complaint.

36. The allegations contained in paragraph 36 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 36 of the Complaint.

37. The allegations contained in paragraph 37 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 37 of the Complaint.

38. The allegations contained in paragraph 38 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 38 of the Complaint.

**WHEREFORE**, BOA demands judgment dismissing Plaintiff's Complaint plus other such relief to which BOA is entitled as a matter of federal and state law.

### SECOND COUNT
### (ERISA – BREACH OF FIDUCIARY DUTY)

39. BOA repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

40. The allegations contained in paragraph 40 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 40 of the Complaint.

41. The allegations contained in paragraph 41 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 41 of the Complaint.

42. The allegations contained in paragraph 42 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 42 of the Complaint.

43. The allegations contained in paragraph 43 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 44 of the Complaint.

45. The allegations contained in paragraph 45 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 45 of the Complaint.

**WHEREFORE**, BOA demands judgment dismissing Plaintiff's Complaint plus other such relief to which BOA is entitled as a matter of federal and state law.

## THIRD COUNT
## (NEGLIGENT MISREPRESENTATION)

46. BOA repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

47. The allegations contained within paragraph 47 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained within paragraph 47 of the Complaint.

48. The allegations contained within paragraph 48 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is

deemed necessary, BOA denies each and every allegation contained within paragraph 48 of the Complaint.

49. The allegations contained within paragraph 49 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained within paragraph 49 of the Complaint.

50. The allegations contained within paragraph 50 of the Complaint are bald, formulaic legal conclusions to which no response is necessary. To the extent an answer is deemed necessary, BOA denies each and every allegation contained within paragraph 50 of the Complaint.

**WHEREFORE**, BOA demands judgment dismissing Plaintiff's Complaint plus other such relief to which BOA is entitled as a matter of federal and state law.

## FOURTH COUNT

51. BOA repeats and incorporates by reference all of the answers to all of the allegations of the foregoing paragraphs as if set forth at length herein.

52. BOA is without sufficient information to admit or deny the allegations contained within paragraph 52 of the Complaint. To the extent an answer is deemed necessary, BOA denies each and every allegation contained in paragraph 52 of the Complaint.

**WHEREFORE**, BOA demands judgment dismissing Plaintiff's Complaint plus other such relief to which BOA is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Bank of America Corporation*

BY:  *s/Thomas Vecchio*
  Thomas Vecchio, Esquire

DATE:   April 18, 2013

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff is limited to the remedies thereunder as against BOA which are limited to payment of health benefits that were allegedly denied.

3. The Complaint is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and Plaintiff's claims are pre-empted by ERISA.

4. Plaintiff has failed to exhaust the mandatory administrative remedies under the terms of the applicable health benefit plan. Therefore, this action is premature.

5. Plaintiff's claims are barred by the express terms of the applicable health benefits plan.

6. Plaintiff seeks benefits that are not eligible for coverage according to the terms of the applicable health benefits plan.

2894567-01

7. BOA did not owe any legal or contractual duty to Plaintiff.

8. Plaintiff lacks standing to assert the claims in the Complaint.

9. BOA did not violate any legal or contractual duty owed to Plaintiff

10. BOA acted reasonably and in good faith at all times.

11. Plaintiff's complaint is barred by the equitable Doctrines of Waiver, Laches, Unclean Hands and/or Estoppel.

**WHEREFORE**, BOA demands judgment dismissing Plaintiff's Complaint plus other such relief to which BOA is entitled as a matter of federal and state law.

**CONNELL FOLEY LLP**
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Bank of America Corporation*

BY:   *s/Thomas Vecchio*
      Thomas Vecchio, Esquire

DATE:   April 18, 2013

2894567-01

## **CERTIFICATE OF SERVICE**

I, Thomas Vecchio, of full age, hereby certify that the original of the within Answer and Affirmative Defenses has been electronically filed with the Clerk within the time and in the manner prescribed by the Rules of Court and that a copy of the within pleading has been served this date, via email and first-class mail, postage prepaid, upon:

> Andrew Bronsnick, Esquire
> Massood & Bronsnick
> 50 Packanack Lake Road East
> Wayne, NJ 07470

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: */s/Thomas Vecchio*

DATED: April 18, 2013              Thomas Vecchio, Esquire

2894567-01